IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAHEEM LA'MONZE PLATER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-21-1092-HE |
| ) | |
| STEVEN HARPE,[1] ) | |
| ) | |
| Respondent. ) | |

## ORDERS ON PENDING MOTIONS

Petitioner, a *pro se* state prisoner, has filed a petition for habeas corpus under 28 U.S.C. § 2254. (Doc. 1). United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4). Before the Court are several motions filed by the Petitioner, which are addressed in turn below.

**(1)   Petitioner's Motion for Leave of Court to Conduct Discovery (Doc. 23), Motion for Evidentiary Hearing (Doc. 30), and Motion to Appoint Counsel (Doc. 29).**

Petitioner seeks leave of court to conduct additional discovery (Doc. 23) and asks for an evidentiary hearing (Doc. 30) and counsel appointed by the court to represent him

---

[1] Steven Harpe is now the Director of the Oklahoma Department of Corrections and is substituted as is the properly named respondent under 28 U.S.C § 2242 and Rule 2(a). *See* Rule 2(a), Rules Governing 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

at that evidentiary hearing (Doc. 29).  Respondent has objected to these requests.  (*See* Docs. 26, 32, 33)

"Generally speaking, federal habeas review 'is limited to the record that was before the state court that adjudicated the claim on the merits.'" *Simpson v. Carpenter*, 912 F.3d 542, 575 (10th Cir. 2018) (quoting *Smith v. Aldridge*, 904 F.3d 874, 886 (10th Cir. 2018)). Petitioner's request for an evidentiary hearing can be granted only if he "meets the requirements in *both* [28 U.S.C.] §§ 2254(d) and (e)(2)." *Id*.  Under § 2254(e)(2),

> (2) [i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that —
> (A) the claim relies on —
> . . .
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).  If Petitioner did not fail to develop the factual basis of a claim in state court, § 2254(e)(2) is not applicable, and the court should analyze whether an evidentiary hearing is appropriate or required under pre-AEDPA standards. *Simpson*, 912 F.3d at 576.  Under pre-AEDPA standards, "a petitioner is entitled to an evidentiary hearing if (1) the facts were not adequately developed in state court, so long as that failure was not attributable to the petitioner, and (2) his allegations, if true and not contravened by the existing factual record, would entitle him to habeas relief." *Id.* (internal quotation marks omitted).

The court need not consider whether Petitioner has satisfied these standards because he has not identified any undeveloped or previously undiscovered factual bases for relief. Petitioner merely restates the grounds for his habeas claim (Docs. 1, 49) in the form of motions seeking an evidentiary hearing and discovery. (*See* Docs. 23, 30). Petitioner requests the opportunity to question individuals that participated in his trial regarding evidence that was presented, evidence known at the time but withheld by his counsel, and various unfavorable rulings. (*Id.*) Because Petitioner has not identified any new evidence that would be introduced at an evidentiary hearing – and has instead demonstrated only a desire to relitigate factual issues decided during his trial – the Motion for Evidentiary Hearing and Motion to Conduct Discovery (Docs. 23, 30) are **DENIED**.

Turning to Petitioner's motion for appointment of counsel, Petitioner requests counsel to represent him at the requested evidentiary hearing. (Doc. 29); *see* Rule 8(c), Rules Governing Rules Governing Section 2254 Cases. Because the Court declines to grant Petitioner an evidentiary hearing, it also **DENIES** his Motion to Appoint Counsel (Doc. 29).

**(2)   Petitioner's Motion To Supplement Claim Of Ineffective Assistance of Counsel (Doc. 41) and Motion For Leave To Supplement Additional Claim Of Ineffective Assistance Of Counsel And Evidentiary Hearing (Doc. 43).**

Petitioner has filed two motions seeking to supplement his Petition by notifying the Court that he raised an ineffective assistance of counsel claim in a second post-conviction application and that the OCCA has now adjudicated his application. (Docs. 41, 43). Pursuant to Federal Rule of Civil Procedure 15(d), Petitioner may supplement his pleading with "any transaction, occurrence, or event that happened after the date of the pleading to

be supplemented." Respondent does not object to this portion of Petitioner's request and argues that supplementation does not affect the outcome of Petitioner's argument on this ground.  (*See* Doc. 42).  **Petitioner's Motions (Docs. 41, 43) are therefore GRANTED IN PART**.

To the extent Petitioner's Motions raise new, unexhausted arguments regarding his ineffective assistance of counsel claim, as Respondent argues (*see* Doc. 43), they shall not be considered by the court if they were not properly presented to the state court, *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011), or if they are offered in support of a claim that is subject to an anticipatory procedural bar, *Grant v. Royal*, 886 F.3d 874, 901 (10th Cir. 2018).  And although Petitioner asks for an evidentiary hearing regarding his ineffective assistance of appellate counsel claim, (*see* Doc. 43, at 1), he has not identified any undeveloped or previously undiscovered factual bases for relief, *see supra*, and this request is therefore **DENIED**.

**(3)     Petitioner's Motion For Stay And Abeyance.  (Doc. 45).**

Petitioner has filed a motion asking the court to stay this case to allow him "to exhaust the meritorious claim of Ineffective Assistance of Appellate counsel and any other claims this Court deems appropriate."  (Doc. 45, at 1).  Respondent has objected.  (*See* Doc. 47).  A habeas petition's claims generally must be exhausted in state court before a federal court may review them.  28 U.S.C. § 2254(b)(1)(A).  When a Petition contains unexhausted claims, however, the Court has discretion to either dismiss the Petition or, as requested by Petitioner, issue a stay of the federal case while the claims proceed in state court.  *Rhines v. Weber*, 544 U.S. 269, 277-79 (2005); *Doe v. Jones*, 762 F.3d 1174, 1181

(10th Cir. 2014). But Petitioner acknowledges in his motion that he has now exhausted his ineffective assistance of appellate counsel claim before the OCCA. (Doc. 45, at 8-9). And Petitioner does not set forth any other claims he seeks to exhaust before proceeding in this court. The undersigned therefore **DENIES** Petitioner's Motion (Doc. 45).

**(4)   Respondent's Motion to Strike Petitioner's Amended Brief In Support of Habeas Corpus. (Doc. 50).**

Finally, Respondent seeks to strike Petitioner's Amended Brief in Support of Habeas Corpus (Doc. 49). In the Motion, Respondent notes that Petitioner's Amended Brief "is in fact the *exact* same amended brief [Petitioner] submitted over a year ago . . . ." (Doc. 50, at 3). Indeed, the Clerk of Court belatedly entered Petitioner's Amended Brief into the record at the direction of the undersigned, pursuant to the Court's September 8, 2022 Order (Doc. 40). Respondent's Motion (Doc. 50) is **DENIED.**

ENTERED this 24th day of February, 2023.

*Amanda Maxfield Green*
AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE