## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAHEEM LA'MONZE PLATER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-21-1092-HE |
| | ) | |
| STEVEN HARPE, Director, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Raheem La'Monze Plater, a state prisoner appearing *pro se*, filed a habeas petition pursuant to 28 U.S.C. § 2254 challenging his convictions for rape in the second degree (sexual intercourse with a person under 16 who is not a spouse) and possession of juvenile pornography.  Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to U. S. Magistrate Judge Amanda Green for initial proceedings.  Judge Green has issued a comprehensive Report and Recommendation recommending that the petition be denied.  Petitioner has filed an objection to the Report, which triggers *de novo* review of the factual and legal issues to which objection has been raised.

Petitioner first objects to Judge Green's earlier order [Doc. #51, filed Feb. 24, 2023] denying his motions for a stay and for an evidentiary hearing.  When a magistrate judge issues a non-dispositive pretrial order, a "party may serve and file objections to the order within 14 days after being served with a copy."  Fed.R.Civ.P. 72(a).  Petitioner did not file an objection within that time period.  However, he has filed a notice of non-receipt of Judge

Green's order.  In light of that allegation of lack of notice of the prior order, the court declines to resolve the referenced objections on the basis of their untimeliness.

Where objection is made to a magistrate judge's decision as to a non-dispositive motion, the district judge must modify or set aside any part of the order that is clearly erroneous or contrary to law.  *Id.*  Petitioner contends that his motion to stay should have been granted to permit him time to pursue claims that were unexhausted in state court.  He also argues that he should have been granted an evidentiary hearing to provide him with an additional opportunity for fact finding to support his contention that his trial counsel was ineffective.

Petitioner's motion for stay [Doc. #45] specifically requested a stay to provide him an opportunity to exhaust a claim for ineffective assistance of appellate counsel.  As noted in Judge Green's order [Doc. #51], however, petitioner acknowledged that this motion was moot because he had subsequently exhausted the claim.  Further, Judge Green's denial of petitioner's requests for an evidentiary hearing concluded that he had not identified any undeveloped or previously undiscovered factual bases for relief.  And petitioner has not pointed to any such new bases for relief in his objection.  He simply reiterates his original conclusory argument that he is entitled to have an evidentiary hearing.  Neither of the challenged rulings are clearly erroneous or contrary to law.  Petitioner's objections to these rulings are overruled.

The Report substantively addressed three of petitioner's grounds for relief: (1) that inadmissible hearsay was admitted during his trial, (2) the insufficiency of the evidence presented against him, and (3) ineffective assistance by his trial counsel.  The Report also

concluded that the remainder of petitioner's grounds for relief were procedurally barred from habeas review.

Petitioner's objection concedes that he is not entitled to relief based on the hearsay/Confrontation Clause issue or on a challenge to the sufficiency of the evidence. But he contends that the Report improperly resolved his claims based on ineffective assistance of trial and appellate counsel.

Petitioner raised the issue of ineffective assistance of trial counsel on direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). That court rejected the claim, applying Strickland v. Washington, 466 U.S. 668 (1984), and concluded that petitioner's "self-serving claims contained in his attached affidavit do not show a strong possibility that trial counsel was effective and do not warrant remanding the case for an evidentiary hearing on counsel's effectiveness. . . . Assuming arguendo, the evidence is as [petitioner] claims, it is easy to see that counsel had strategic reasons for not presenting evidence that would make his client look worse before the jury." Doc. #19-5, p. 31.

Petitioner raised the issue of ineffective assistance of appellate counsel in his second post-conviction application. The state district court concluded petitioner's allegations of ineffective assistance of appellate counsel "fail to meet the burden placed on the Petitioner as established in Strickland." Doc. 41-4, p.2. Petitioner appealed that order, but the OCCA affirmed it. Doc. 41-1.

A state court's determination that a claim lacks merit precludes federal habeas review so long as "fairminded jurists could disagree on the correctness of the state court's decision. Woods v. Etherton, 136 S.Ct. 1149, 1151 (2016). Thus, this court's review is

highly deferential to the determination of the OCCA.  Further, the review is doubly deferential as to issues involving claims of ineffective assistance of counsel.  The Strickland standard for such claims, like the § 2254(d) standard is "highly deferential and when the two apply in tandem, review is doubly so."  Harrington v. Richter, 562 U.S. 86, 105 (2011).

Applying this standard, the court concludes that petitioner is not entitled to relief based on his assertions of ineffective assistance of counsel.  Neither trial nor appellate counsel's performance, as alleged by petitioner, was so deficient as to fall "outside the wide range of professionally competent assistance."  Strickland, 466 U.S. at 690.  Petitioner's arguments fall far short of showing a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

Petitioner also objects to the Report's conclusion that several of the remaining claims are procedurally barred.[1]  He claims he has overcome the procedural default by demonstrating cause and prejudice.  The court, however, agrees with the Report that all of petitioner's remaining grounds for relief are procedurally barred and that petitioner's assertion of cause does not overcome the procedural default.  Further, petitioner has not shown any sort of fundamental miscarriage of justice such as might permit him to avoid the procedural bars.

---

[1] As the Report properly notes, some of petitioner's grounds for relief are barred because the OCCA procedural default of petitioner's claims was independent and adequate and some are subject to an anticipatory procedural bar.

Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. #54].

Petitioner's petition for habeas relief [Doc. #1] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 16th day of May, 2023.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

5